# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN BREINER, ADMINISTRATOR OF THE ESTATE OF ALICIA BREINER, DECEASED, SHAWN BREINER AND ARYONA BREINER, IN THEIR OWN BEHALF AND ON BEHALF OF THE HEIRS OF ALICIA BREINER, DECEASED,

Plaintiffs,

v.

Case No. 18-CV-01162-EFM-TJJ

THE BOARD OF COUNTY COMMISSIONERS, OF THE COUNTY OF CRAWFORD; CRAWFORD COUNTY MENTAL HEALTH CENTER; RICHARD H. PFEIFFER; GREGORY JAMES PEAK; CALVIN LEE JAMESON; SARAH JANE PITTS; AND MICHELLE ANN YORK; ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

Defendants,

## MEMORANDUM AND ORDER

On July 9, 2019, the court held a hearing to consider approval of the settlement agreement between plaintiffs Shawn Breiner and Aryona Breiner (a minor child), and defendants The Board of County Commissioners of the County of Crawford, Crawford County Mental Health Center, Richard H. Pfeiffer, Gregory James Peak, Calvin Lee Jameson, Sarah Jane Pitts, and Michelle Ann York. Plaintiff Shawn Breiner appeared in person and through counsel. Defendants appeared through counsel.

The court used the substantive portion of the hearing to "determine whether the [settlement] agreement is in the minor's best interests" as required by Kansas law. *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330 (Kan. App. 2001). The hearing was necessary because plaintiffs' claims

include those of a minor, and the court "has a duty to protect the minor's interests." *Midland Nat. Life Ins. Co. v. Johnson-Marin*, No. 08-1367-MLB, 2012 WL 3245471, at *4 (D. Kan. Aug. 9, 2012)(citing *Thompson v. Maxwell Land-Grant & R.R. Co.*, 168 U.S. 451, 463 (1897); *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967)). When a settlement agreement settles a minor child's claims, the court should "judicially examine the facts—to determine whether the agreement [is] reasonable and proper." *Mo. Pac. R.R. Co. v. Lasca*, 99 P. 616, 619 (Kan. 1909). Courts are urged "to exercise extensive oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined as a 'friendly' hearing." *White*, 31 P.3d at 330.

Prior to the hearing, the court received and reviewed a copy of the settlement agreement between the parties.[1] The agreement contemplates that the individually named defendants – Pfeiffer, Peak, Jameson, Pitts, and York – are to be dismissed from the matter with prejudice. The remaining defendants have proposed a gross settlement with Plaintiffs totaling $772,500.00. The court conducted further inquiry into the allocation of this settlement, including those amounts to be used for the payment of litigation costs and attorneys fees, which were not detailed within the settlement agreement. Prior to the hearing, Plaintiff's counsel provided a Statement on Requested Attorneys Fees.[2]

During the course of the hearing, Plaintiff's counsel indicated that the total expenses incurred in this matter totaled $13,880, and that the net settlement proceeds would thus total $758,620. The remaining proceeds are to be allocated as follows: one-third ($253,873) to Plaintiffs' attorneys, one-third ($253,873) to plaintiff Shawn Breiner, and the remaining one-third ($253,873) to minor plaintiff Aryona Breiner. Plaintiffs' counsel indicated that the funds to Aryona Breiner were to be placed within a restricted or blocked account with a state or federally chartered

---

[1] *See* Doc. 60, Ex. A, Proposed Settlement Agreement.
[2] Doc. 64.

financial institution in accordance with the Kansas Uniform Transfers to Minors Act, to be accessed by her upon reaching the age of majority.

Plaintiff Shawn Breiner testified at the hearing that he is the biological father of Aryona Breiner, and that he provides financial care for her. Shawn Breiner testified that the proceeds of the settlement received by him would go, in part, to the financial support of Aryona Breiner until she reaches the age of majority. Shawn Breiner further testified that he believed settlement and resolution of this matter would be in the best interests of the minor child. After considering the testimony presented at the July 9, 2019 hearing, the court determines that the settlement agreement is reasonable and adequately protects Aryona Breiner's interests, and that approval of the settlement agreement is in the best interest of Aryona Breiner.

The court is aware that a portion of the settlement proceeds are to be provided by the Kansas Health Care Stabilization Fund. In accordance with Kan. Stat. Ann. § 40-3410, the court further finds that the settlement agreement is valid, just and equitable.

The court further finds that the litigation expenses incurred to date are fair and reasonable, and that the attorney's fees to be awarded are also fair and reasonable.

The court further finds that the proposed allocation between the Plaintiffs accurately reflects the loss sustained by the heirs of Alicia Breiner.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' settlement agreement is approved.

**IT IS FURTHER ORDERED THAT** the claims against defendants Richard H. Pfeiffer, Gregory James Peak, Calvin Lee Jameson, Sarah Jane Pitts, and Michelle Ann York are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED THAT** defendant Board of Crawford Commissioners of Crawford County, Kansas' Motion to Dismiss (Doc. 8) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendants Crawford County Mental Health Center, Calvin Lee Jameson, Gregory James Peak, Richard H. Pfeiffer, Sarah Jane Pitts, and Michelle Ann York's Motion for Partial Summary Judgment (Doc. 54) is denied as moot.

This case is closed.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2019, at Wichita, Kansas.**

**Eric F. Melgren**
**United States District Judge**